```
IN THE UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF TEXAS
           FORT WORTH DIVISION

GARY W. TARVER,                  §
                                 §
         Petitioner,             §
                                 §
v.                               §   No. 4:18-CV-919-Y
                                 §
LORIE DAVIS, Director,           §
Texas Department of Criminal     §
Justice, Correctional            §
Institutions Division,           §
                                 §
         Respondent.             §
```

**OPINION AND ORDER**

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Gary W. Tarver, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of TDCJ, Respondent. After having considered the pleadings, state-court records, and relief sought by Petitioner, the Court has concluded that the petition should be denied.

**I. Factual and Procedural History**

Petitioner is serving a 20-year sentence for his 2011 conviction in Hood County, Texas, Case No. CR11889, for felony

DWI. (04SHR 78, doc. 13-10.[1]) It appears that the Texas Board of Pardons and Paroles (BOP) has denied Petitioner release on parole on five occasions, most recently on January 2, 2018. (Resp't's Answer, Ex. A, doc. 12-1.) In this petition, Petitioner raises the following six grounds for habeas relief:

(1) the delegation of the BOP's decision-making and "assigned statutory responsibility" to TDCJ violates Texas's separation-of-powers doctrine;

(2) the requirement that the BOP vote in favor of release on parole violates due process;

(3) TDCJ acts in bad faith by altering inmates' records to include criminal conduct that disqualifies them for consideration for parole and "building" records that are "neither accurate nor honest";

(4) TDCJ's practice of treating good-time and work credits as discretionary usurps judicial authority in violation of Texas's separation-of-powers doctrine;

(5) there is no right to appeal the parole decision to a court of law or challenge errors in the BOP's decision; and

(6) the BOP engages in arbitrary and capricious decision-making "without disclosing eligibility criteria, the applications of guidelines or evidence relied upon."

(Pet. 6-8,[2] doc. 1; Pet'r's Mem. 8-19, doc. 2.)

---

[1] "04SHR" refers to the record of Petitioner's relevant state habeas proceeding in WR-78,629-04.

[2] Because Petitioner inserted a page into the form petition, the pagination in the ECF header is used.

## II. Rule 5 Statement

Respondent does not argue that the petition is successive or barred by the federal statute of limitations or that the claims are unexhausted.

## III. Discussion

### A. Separation of Powers

Under his first ground, Petitioner claims that authority for classifying inmates for parole review purposes is being improperly delegated to clerks and/or administrative staff in TDCJ's classification division, in violation of Texas's separation-of-powers doctrine. (Pet. 6, doc. 1; Pet'r's Mem. 8-11, doc. 2.) He complains that "through the exercise of such decision making, which is functionally equivalent to a judge, [TDCJ] is usurping judicial authority." (Id. at 10-11.) Under his fourth ground, Petitioner claims that he has an expectancy of good-conduct time and TDCJ's practice of treating good-conduct and work time credits as "discretionary," rather than "vested," also usurps judicial authority, in violation of the state's separation-of-powers doctrine.

"The principle of separation of powers is not enforceable against the states as a matter of federal constitutional law." *Atwell v. Nichols,* 608 F.2d 228, 230 (5th Cir. 1979), *cert.*

*denied,* 446 U.S. 995 (1980). *See also Estes v. Thaler,* No. H-11-1012, 2011 WL 1427980, at *2 (S.D. Tex. 2011) ("petitioner's argument based on separation of powers concerns state branches of government, and does not implicate the federal separation of powers doctrine"). Therefore, even if the alleged state action violates the doctrine, Petitioner's claim concerns a matter of state law only, and presents no federal question. *See Atwell,* 608 F.2d at 230. Absent a violation of the federal constitution, Petitioner's allegations do not warrant federal habeas-corpus review. *See Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991).

**B. Due Process**

Under his second, third, fifth, and sixth grounds, Petitioner makes various claims that implicate his rights under the Due Process Clause, including complaints regarding the requirement that the BOP vote in favor of release on parole, unlike release on mandatory supervision; the BOP's arbitrary denials of parole based on "unchanged factors such as nature of offense and prior criminal history"; the denial of access to inmate's parole files; the lack of disclosure of eligibility criteria; and the absence of any "appealable avenue" from a

parole decision. (Pet. 6-7, doc. 1; Pet'r's Mem. 11-15, 17-19, doc. 2.)

The United States Supreme Court has recognized that states have no duty to establish a parole system and prisoners have no constitutional right to be released before the expiration of a valid sentence. *Bd. of Pardons v. Allen,* 482 U.S. 369, 378 n.10 (1987) (providing "statutes or regulations that provide a parole board 'may' release an inmate on parole do not give rise to a protected liberty interest"); *Greenholtz v. Neb. Penal Inmates,* 442 U.S. 1, 11 (1979) (providing statutes holding out "the *possibility* of parole provides no more than a mere hope that the benefit will be obtained" and do not trigger due-process protections). In light of this authority, the United States Court of Appeals for the Fifth Circuit has recognized repeatedly that the Texas parole statutes create no constitutional right to release on parole because they encourage no expectancy of early release. *See Williams v. Briscoe,* 641 F.2d 274, 277 (5th Cir. 1981). Consequently, neither Texas law nor the United States Constitution creates a liberty interest in parole. *Greenholtz,* 442 U.S. at 7.

Because Texas inmates have no protected liberty interest in parole, they cannot have a liberty interest in parole consideration or other aspects of parole procedures. *Johnson v. Rodriguez,* 110 F.3d 299, 308 (5th Cir. 1997) (providing "because

Texas prisoners have no protected liberty interest in parole they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds"). Therefore, Petitioner has no claim for violation of federal due process in the procedures the BOP uses to make a parole decision; the evidence relied upon by the BOP; access to and examination of his parole file; accurate information in the file; the guidelines affecting his suitability for parole; the factors considered by the BOP to reach its decision; or a right to appeal the BOP's decision. *Portley v. Grossman*, 444 U.S. 1311, 1312-13 (1980); *Johnson v. Rodriguez,* 110 F.3d 299, 308 n.13 (5th Cir. 1997); *Allison v. Kyle,* 66 F.3d 71, 73-74 (5th Cir. 1995); *Orellana v. Kyle,* 65 F.3d 29, 32 (5th Cir. 1995); *Cook v. Whiteside,* 505 F.2d 32, 34 (5th Cir. 1974). *See also Craft v. Tex. Bd. of Pardons and Paroles,* 550 F.2d 1054, 1056 (5th Cir. 1977) (providing the BOP's "standards in deciding parole applications are of concern only where arbitrary action results in the denial of a constitutionally protected liberty or property interest. The expectancy of release on parole is not such an interest").

### C. Conclusion

For the reasons discussed, the Court DENIES Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Further, Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. A certificate of appealability may issue "only if the petitioner has made a substantial showing of the denial of a constitutional right." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). "Under this standard, when a district court denies habeas relief by rejecting constitutional claims on their merits, 'the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" McGowen v. Thaler, 675 F.3d 482, 498 (5th Cir. 2012) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Petitioner has not made a showing that reasonable jurists would question this Court's resolution of Petitioner's constitutional claims. Therefore, a certificate of appealability should not issue.

SIGNED July 8, 2019.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE